NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 3 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHENGAN CAO, | No.    15-70453 |
| Petitioner, | Agency No. A200-787-219 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 20, 2020**
Honolulu, Hawaii

Before:  WALLACE, BEA, and BENNETT, Circuit Judges.

Shengan Cao, a native and citizen of China, petitions for review of the

decision of the Board of Immigration Appeals (BIA) which affirmed an

Immigration Judge's (IJ) denial of Cao's application for asylum and withholding of

removal.  For the reasons that follow, we dismiss in part and deny in part the

_____

*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**     The panel unanimously concludes this case is suitable for decision
without oral argument.  See FED. R. APP. P. 34(a)(2).

petition.

Cao entered the United States as an authorized non-immigrant worker on December 1, 2008. When his work visa expired on October 10, 2009, Cao continued to live and work in the U.S. Territory of Guam without authorization. On September 20, 2010, Cao filed an untimely application for asylum and sought withholding of removal and protection under the Convention Against Torture (CAT). The Government subsequently initiated removal proceedings in which Cao waived his request for CAT protection.

After a hearing, the IJ determined that Cao was statutorily ineligible for asylum because the application was filed more than one year after Cao's arrival in the United States. *See* 8 U.S.C. § 1158(a)(2)(B). The IJ found Cao had failed to show "extraordinary circumstances" related to the delay that reasonably excused its duration. *See* 8 U.S.C. § 1158(a)(2)(D). In addition, the IJ determined that Cao was ineligible for withholding of removal because his conflicting statements regarding fear of persecution in China rendered Cao not credible. *See* 8 U.S.C. §§ 1158(b)(1)(B), 1231(b)(3)(C). The BIA adopted the IJ's decision in relevant part and dismissed Cao's administrative appeal. Cao timely petitioned for review.

We have jurisdiction to review final orders of removal for substantial evidence. 8 U.S.C. § 1252(a)(1), (b)(4)(B); *Shrestha v. Holder*, 590 F.3d 1034, 1043 (9th Cir. 2010). However, we lack jurisdiction to review the BIA's

2

determination that Cao is time-barred from seeking asylum because the agency's decision turned on resolving disputed issues of fact.  8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D); *Gasparyan v. Holder*, 707 F.3d 1130, 1134 (9th Cir. 2013).

**1.** Congress limited this court's jurisdiction over asylum filing deadline determinations to review of constitutional claims and issues of law.  8 U.S.C. § 1252(a)(2)(D).  When the BIA's timeliness determination turns on the application of law to undisputed facts, the Ninth Circuit reviews that determination as a mixed question of law and fact.  *Singh v. Holder*, 656 F.3d 1047, 1051 (9th Cir. 2011).  When the BIA's timeliness determination rests on resolving factual disputes, however, the decision is unreviewable.  *See Gasparyan*, 707 F.3d at 1134 (dismissing petition where BIA rejected the factual accuracy of alien's asserted mental illness explanation for delay).

Here, the BIA's timeliness decision rested on the resolution of disputed facts regarding Cao's asserted "extraordinary circumstances."  Cao argued he delayed filing for asylum because his employment contract included criminal penalties for workers seeking asylum in the United States.  However, the BIA determined the contract instead contained a monetary penalty for violating an agreement not to seek asylum.  Cao also claimed his inability to speak English, hectic work schedule, and inability to find an attorney prevented timely filing.  The BIA found these excuses not credible given internal inconsistencies in Cao's explanations and

3

Cao's previous work history in Guam from 1996-1998. We lack jurisdiction to review these factual findings and dismiss Cao's petition as to eligibility for asylum.

**2.** An alien seeking withholding of removal bears the burden of establishing a credible fear of persecution in the receiving country based on membership in a particular social group. 8 U.S.C. § 1231(b)(3). The BIA may deny eligibility for withholding of removal if the agency determines the alien's account is not credible under the totality of the circumstances. *Id.* §§ 1158(b)(1)(B), 1231(b)(3)(C). On substantial evidence review, we will defer to the BIA's credibility determination if supported by "specific and cogent reasons." *Shrestha*, 590 F.3d at 1043.

The BIA determined Cao's shifting and inconsistent explanations for his fear of persecution in China were not credible. Cao claimed to fear persecution by local Communist Party officials based on a physical altercation in 1992. According to Cao, he scuffled with local party officials when they arrested him and forced his wife to undergo an abortion for violating the government's family planning policy. Cao claims local officials have continued to threaten him and his family ever since to recover medical expenses incurred by a local party leader injured in the scuffle. However, as the BIA detailed in its adverse credibility findings, Cao's account was vague as to ongoing persecution, contained multiple inconsistencies over time, and contradicted corroborating evidence submitted in support of the application. Cao waived challenge to several of the BIA's adverse

4

credibility findings by failing to dispute them in his petition for review. The unchallenged determinations, standing alone, are sufficient to support the BIA's credibility determination. Specifically, the BIA determined that statements in Cao's asylum application contradicted statements later provided to an asylum officer; that Cao's account of ongoing government actions against his family's home in China was vague and inconsistent; that Cao misstated the consequences of violating his employment contract by seeking asylum in the United States; and that Cao's corroborating evidence failed to rehabilitate his credibility. Because the BIA's credibility determination is supported by substantial evidence, we deny Cao's petition as to eligibility for withholding of removal.

Petition **DISMISSED** in part and **DENIED** in part.